## Shellabarger Mill & Elevator Co., D. P. Erwin & Co., Hollweg & Reese, and Frank D. Lambie et al. v. Louis G. Willing et al.

1. RECEIVER—*When to be Appointed.*—A court of equity is authorized to appoint a receiver to wind up the affairs of a corporation which has become hopelessly insolvent, with its assets in the possession of the sheriff, by virtue of executions and writs of attachment, and ceases to do business.

2. EQUITY PRACTICE—*Supplemental Bill.*—Previous to the issuance of process on the original bill, a supplemental bill is considered as an addition to and part of the original bill, and, together with it, constitutes one amended bill.

Proceedings to Appoint a Receiver.—Trial in the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding.

Decree for complainants. Appeal by defendants. Heard in this court at the November term, 1898. Affirmed. Opinion filed February 7, 1899.

HENRY D. SPENCER, E. E. DONNELLY and LIVINGSTON & BACH, attorneys for appellants.

A private corporation may be dissolved in five ways only:

1. By the weight of authority, by expiration of its charter.

2. By an act of the legislature repealing its charter.

3. By the loss of an essential integral part, which can not be supplied, as by the death or withdrawal of all the members where there are no means of supplying their places.

4. By surrender of charter with the consent of State.

5. By forfeiture of its charter or misuser or non-user of its powers. Clark on Corporations, Chap. 9, page 231.

It is not only the rule that, without authority from statute, a corporation can not be dissolved at the suit of an individual, but it is also the rule that without statutory authority a court of chancery has no jurisdiction to decree the dissolution of the corporation without such authority. The mode of proceeding to enforce a dissolution for cause of forfeiture is by scire facias or on an information in the nature of quo warranto, as in a court of law. Hunt v. LeGrand Roller Skating Rink Co., 143 Ill. 119; Wheeler v. Pullman Iron and Steel Co., 143 Ill. 197.

The jurisdiction of a court of equity to dissolve a corporation is derived entirely from section 25, act on corporations, and forms no part of the general chancery jurisdiction, and an interlocutory decree appointing a receiver with the usual powers under a bill, which prays the dissolution of a corporation, does not involve a franchise. Chicago Steel Works v. Illinois Steel Co., 153 Ill. 9.

The cessation of business by a corporation because of the levy of attachments upon its property, is not a ceasing to do business within the meaning of the statute authorizing its dissolution by a court of equity, and the appointment of a receiver, to which only a part of the creditors are made parties. People v. Weigley, 155 Ill. 502.

To hold that under this statute, whenever creditors of a corporation attempt to collect their just claims against it by action at law, stockholders may invoke the jurisdiction of a court of equity to take charge of all the company's assets, and thus defeat the creditors, because the enforcement of their rights by authorized process of law would result in embarrassment or loss to the company, would be to not only violate its plain provisions, but to allow it to be used to defeat the very purpose for which it was enacted. Here is a bill by a single stockholder, other stockholders not being made parties; only a part of the creditors are made parties, others being given no opportunity to question the jurisdiction of the court, or the sufficiency of the bill. None of the causes for which, by this statute, courts of equity are authorized to take charge of corporation to close them up are alleged. People v. Weigley, 155 Ill. 502; Becker v. Hoke, 80 Fed. Rep. 977.

JOHN E. POLLOCK, attorney for appellees.

Under the 25th section of the corporation acts, courts of chancery have jurisdiction to dissolve corporations only when brought within the purview of that section. Under the original bill the court had authority to appoint a receiver on the ground that the concern did cease doing business, but under the supplemental bill not only the ground was set up, but also the further ground that the corporation, by passing the resolution, had done an act which subjected it to the forfeiture of its franchise. See Sec. 54 Corporation Act, Starr & Curtis R. S., Vol. 1, p. 1029.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellants have appealed to this court, under the provisions of the act of June 14, 1887, from an interlocutory decree of the Circuit Court appointing a receiver. The Bloomington Department Store, a corporation, with a capital stock of $20,000, became indebted to various persons in the aggregate of about $20,000. On October 28, 1898, judgments had been taken, and executions issued against it for

a total of $11,724.28, besides several attachments.    Its place of business was closed and its assets in the possession of the sheriff, by virtue of the executions and writs of attachment, who had advertised to sell all of its tangible property on the 5th day of November, 1898, and the corporation had ceased to do business.    A bill in equity was presented to the Circuit Court by appellees as stockholders of the corporation, in which was stated in substance, the above recited facts, with the additional statement that a sale by the sheriff of the stock of goods seized under such executions would result in sacrifice, and prayed for the appointment of a receiver to take possession of such goods and sell the same under the direction of the court to the best advantage, and the proceeds of such sale distributed according to law and equity; that the corporation be dissolved, and for general relief.    A supplemental bill, so-called, was filed, showing that the stockholders and directors had resolved and determined to cease doing business; to surrender the charter and dissolve the corporation.    Upon these bills, after notice and hearing, the court appointed a receiver as prayed, from which appellant prosecutes this appeal.

It is insisted that the decree appointing the receiver should be reversed chiefly for the reason, it is argued, the court had no jurisdiction of the subject-matter of the original bill, and as that was defective a supplemental bill was nugatory. We are not inclined to treat the form in which the facts were presented in a technical manner, and inasmuch as it does not appear that process had been issued upon the bill as originally presented, we see no valid reason why the supplemental bill, so-called, should not be treated as an amendment, and if the facts as they appeared to the chancellor at the time the order was made, without reference to the form in which they were presented, were such as would make a good bill if properly embodied therein, and if there was a bill that could be amended, then if from such facts the court had jurisdiction of the subject-matter of the bill, the decree appointing the receiver, being interlocutory merely, would be sustained.    We are of the opinion, how-

ever, that the supplemental bill added nothing to the original bill in respect to jurisdictional facts. It seems to us clear from the statements of such bill, omitting the conclusions of the pleader in that respect, that the corporation had ceased to do business. It is the common observation of all that a corporation with no greater assets than this and all these in the hands of the sheriff for sale under execution for the amounts shown in this case, with no means of extricating itself, becomes hopelessly insolvent, and from thenceforth ceases to do business. The chancellor was warranted in this conclusion, and this being true, under section twenty-five of the corporation act, the jurisdiction of the court to dissolve and close up the business of the corporation and appoint a receiver is undoubted.

Counsel for appellants with much earnestness have insisted that the case People v. Weigley, 155 Ill. 502, is conclusive against the decree before us. The conclusion of the court upon the facts in that case must be accepted as they are set forth in the opinion, but we do not understand that the findings of fact therein stated are to be applied as law in all other cases. So far as that case determines and defines the law, all the courts are bound by it, but no further. In that case the court said: "The cessation of business by a corporation because of the levy of attachments upon its property, is not a ceasing to do business within the meaning of the statute authorizing its dissolution by a court of equity, and the appointment of a receiver, to which only part of the creditors are made parties." We do not understand this statement is an announcement of the law merely, but a conclusion from an evidentiary fact, namely, that the levy of certain attachment writs in that case upon the property of the corporation was not a ceasing to do business within the meaning of the statute. Such, however, is not the fact in the case presented; for it appears here that there were final judgments amounting to nearly the value of the assets of the corporation, upon which executions had been issued and levied upon the property and it advertised for sale, and that the stockholders and all the creditors would be injured by

such sacrifice as a sale under such executions would pro-
duce, and that a receiver, under a conservative sale to be
directed by the court, would prevent such sacrifice, to the
advantage of all persons interested.   It is also beyond dis-
pute that the fact is that a sale by either sheriff or receiver
was inevitable, the corporation having no power or means
to prevent it, this fact alone being equal to a demonstration
that the corporation was insolvent, and had permanently
ceased to do business.   We are therefore of the opinion the
Weigley case has no application to the facts in this case, and
that such facts as they appeared to the Circuit Court, and
as shown by the record in this court, fully sustain the decree
and it will therefore be affirmed.   Decree affirmed.